IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO. 7:20-CV-00229-M

TONY SINGLETARY, )
)
    Plaintiff, )
)
v. )
) ORDER
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security*, )
)
    Defendant. )
)

This matter comes before the court on the Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Brian S. Meyers [DE 24]. Judge Meyers recommends that this court deny Plaintiff's Motion for Judgment on the Pleadings [DE 19], grant Defendant's Motion for Judgment on the Pleadings [DE 22], and affirm the final decision of the Commissioner. Plaintiff filed objections to the M&R (DE 25) and Defendant responded (DE 26). After a de novo review in this case, the court finds that the ALJ made none of the errors reported by Plaintiff, overrules Plaintiff's objections, adopts the thorough rationale of the M&R, and concurs in the M&R's recommended rulings.

I. **Standards of Review**

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." *Id.* § 636(b)(1). Without timely objection, de novo review is unnecessary, and a district court need only check for clear error on the face of the record to accept the magistrate judge's recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). The "substantial evidence" required is more than "a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). While not "reflexively rubber-stamp[ing] the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Instead, the scope of review is limited to ensuring that the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.*; *see also Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997) (discussing that a court's review focuses on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette,* 478 F.3d 616, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (concluding that de novo review was still required under these decisions where a

pro se litigant had objected to specific factual findings in the M&R).

## II. Analysis

Plaintiff challenges the Commissioner's decision affirming Administrative Law Judge ("ALJ") Joseph Booth III's denial of Plaintiff's application for social security income, arguing that the ALJ erred in failing to include any limitations on concentration, persistence, or pace despite significant evidence of the limiting effects of Plaintiff's head and back pain and the side effects of his medications. DE 20 at 5-10. Defendant counters that the ALJ properly "considered both objective medical evidence [and Plaintiff's] reports ... to providers, the effectiveness of medications he took to alleviate his pain and other symptoms, and the side effects of those medications in evaluating the intensity and persistence of Mr. Singletary's symptoms, including pain, to determine how those symptoms affected his ability to work." DE 23 at 10. The matter was referred to Magistrate Judge Meyers for a recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Judge Meyers concluded that "the ALJ here properly evaluate[d] both Plaintiff's RFC and Plaintiff's symptoms, in accordance with the applicable caselaw and regulations"; thus, Judge Meyers recommends that this court deny the Plaintiff's motion, grant the Defendant's motion, and affirm the Commissioner's decision. M&R, DE 24 at 10.

Plaintiff does not lodge objections to the M&R's "Statement of the Case," "Standard of Review," "Disability Evaluation Process," or "ALJ's Findings" sections. The court finds no clear error with those sections on the face of the record and therefore adopts and incorporates by reference those portions of the M&R as if fully set forth herein. Instead, Plaintiff argues that the magistrate judge improperly concluded the ALJ "did not err in finding that [Plaintiff] had no mental limitations in his residual functional capacity (RFC) as a result of his ongoing pain." DE

3

25 at 1. Plaintiff particularly takes issue with the ALJ's statement that the "claimant's subjective pain complaints have been considered," but "his pain appears to be controlled with medication management," saying the ALJ "fails to cite any evidence in this paragraph . . . that support this conclusion." Obj., DE 25 at 2. Plaintiff contends that the "ALJ misquotes the records and rather conveniently ignores other probative statements in the record at Exhibit 10F-7 (Tr. 453)." *Id.* The Commissioner filed a response asserting that Plaintiff's objections "merely reiterate the arguments presented to—and rejected by—Magistrate Judge Meyers" and that she "stands upon the arguments set forth in her [January 12, 2022] memorandum." DE 26.

As this court's review of the objected-to, magistrate-judge findings is de novo, the court will "uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citations omitted). The standard applied to the substantial-evidence inquiry is a deferential one, limited to whether the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.* at 95 (citations omitted); *see also Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].") (citation omitted); *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997) (discussing that a court's review is focused on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence).

Notably, the claimant in *Arakas* was different from the Plaintiff in this case because Arakas suffered from a condition that is generally supported by little or no objective medical evidence—fibromyalgia. *Arakas*, 983 F.3d at 94. Nevertheless, *Arakas* specifically addresses a disability

4

claim involving fibromyalgia, the court states the rule for assessing a claimant's symptoms in all cases:

> ALJs must use the two-step framework set forth in 20 C.F.R. § 404.1529 and SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). First, the ALJ must determine whether objective medical evidence presents a "medically determinable impairment" that could reasonably be expected to produce the claimant's alleged symptoms. 20 C.F.R. § 404.1529(b); SSR 16-3p, 2016 WL 1119029, at *3.
>
> Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled. See 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 WL 1119029, at *4. At this step, objective evidence is not required to find the claimant disabled. SSR 16-3p, 2016 WL 1119029, at *4–5. SSR 16-3p recognizes that "[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques." *Id.* at *4. Thus, the ALJ must consider the entire case record and may "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate" them. *Id.* at *5.

*Arakas*, 983 F.3d at 95. Specific to that case, the court found the ALJ erred by "improperly discounting Arakas's subjective complaints of pain and fatigue, based largely on the *lack* of objective medical evidence substantiating her statements." *Id.* at 96 (emphasis added); *see also id.* (ALJ "improperly increased [claimant's] burden of proof" by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence) (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)).

Here, the ALJ did not require Plaintiff to support his subjective statements with objective medical evidence; rather, the ALJ found that Plaintiff's statements were inconsistent (in some respects) with the medical record and other evidence. The ALJ found Plaintiff was impaired by obesity, degenerative disc disease of the cervical and lumbar spine, status post sinuplasty with residual symptoms, headache, bilateral sensorineural hearing loss, and Eustachian tube dysfunction (left), and concluded that Plaintiff "has the residual functional capacity to perform

5

light work as defined in 20 CFR 404.1567(b) except:

> Frequent climbing of ramps and stairs, but only occasional climbing of stepladders up to 4 vertical feet in height, with no climbing of higher ladders or of ropes or scaffolds of any height – frequent balancing, kneeling, and crouching – occasional stooping and crawling – frequent overhead reaching bilaterally – frequent handling and fingering bilaterally – frequent hearing – occasional exposure to vibration, moving mechanical parts, and high, exposed places – exposure up to and including moderate noise – no production pace work on assembly lines."

R. 18 (emphasis added). Plaintiff asserts that the ALJ "does not include any limitations in his RFC finding on Mr. Singletary's ability to perform mental work functions," and argues "the record is clear that Mr. Singletary's pain arising from his degenerative disc disease and facial pain causes limitations in his ability to perform mental demands of work." Mot. at 7, DE 20. Plaintiff contends that the ALJ's conclusion—"the claimant's subjective pain complaints have been considered, but the whole record does not warrant reducing claimant to unskilled work, as his pain appears to be controlled with medication management"—is not supported by the record, which arguably reflects the Plaintiff's "ongoing subjective numeric reports of increased pain levels." *Id.* at 7-8. In addition, Plaintiff objects to the ALJ's "failure to acknowledge [Plaintiff's] specific pain ratings in his decision ..., as the actual pain scale reports themselves are extremely probative as to the severity of pain, as pain is a subjective sensation." Obj. at 3, DE 25.

This court disagrees with Plaintiff's position. The ALJ's consideration of the record is found at TR 19-21, in which he accurately describes the medical records, test results, and Plaintiff's reports of head and back pain, and concludes that the record, as a whole, demonstrates that Plaintiff's pain was sufficiently managed and controlled during the relevant time period (March 2016 – December 2019). For example, records from Plaintiff's visits to Neurology & Pain Management Center from November 2017 to September 2019 (Exs. 6F, 8F, 10F & 14F) reflect that Plaintiff's neurological health improved over time (*compare* TR 374 (November 2, 2017

6

intake) *with* TR 424 (March 21, 2018: "Patient doing well at present time ... pt states 'I'm doing good'") *and* TR 557 (November 27, 2018: "Patient states there have been no changes since his last office visit. He has no new complaints today. Patient states that his current medication is working well to control his pain without adverse side effects. Patient's current medical condition is stable at this time.") *and* TR 529 (September 30, 2019: "Patient presents today for follow-up, there have been no changes in medical condition since last office visit. Patient doing well at present time. Patient desires refill of current medications. Patient's current medical condition is stable at this time."). With respect to reported pain scales, which Plaintiff contends the ALJ ignored and indicate that Plaintiff's "pain was not stable" (DE 25 at 3), Plaintiff is correct that the healthcare provider(s) did not report Plaintiff's pain on the scale at every visit; however, those records that report his pain on a scale reflect the following:

| Date | Pain |
|---|---|
| November 30, 2017 | 5-10/10 |
| January 25, 2018 | 7/10 |
| April 18, 2018 | 7/10 |
| June 13, 2018 | 8/10 |
| July 8, 2018 | 6/10 |
| August 8, 2018 | 7/10 |
| September 4, 2018 | 7/10 |
| October 2, 2018 | 7/10 |
| October 30, 2018 | 5/10 |
| November 27, 2018 | 3/10 |
| January 22, 2019 | 3/10 |
| February 19, 2019 | 4/10 |
| March 19, 2019 | 4/10 |
| April 16, 2019 | 4/10 |
| May 14, 2019 | 6/10 |
| June 11, 2019 | 4/10 |

July 9, 2019        3/10

August 5, 2019      6/10[1]

Exs. 6F, 8F, 10F, 14F. Absent the occasional higher reading, it is clear that Plaintiff's pain improved over time, which is consistent with the ALJ's conclusion.[2] Moreover, there is no indication in these neurological records that Plaintiff had reported issues with focus, concentration, and/or any other mental concern due to the pain he experienced; in fact, the records indicate he was mentally "alert and oriented x 3 with no impairment of recent or remote memory." *See, e.g.,* TR 530.

With respect to Plaintiff's testimony that he could "maintain focus" for "probably a half an hour" before he "los[t] concentration" (TR 51), the ALJ considered such testimony *in addition to* other testimony regarding Plaintiff's pain:

> The claimant testified that his neck and low back pain caused him to lose focus and concentration. He began having headaches, neck and back pain after his sinus surgery. The pain stays around his shoulders and the base of the neck. He has no problems with his arms and hands except for occasional tingling approximately 2 or 4 times per month that usually occurs at night. He is limited in turning his head due to pain. The claimant said his low back pain sometimes shoots into his pelvic area and buttocks on the left side. He said he had daily headaches that he takes medication for. He avoids activity when he has a headache. Exposure to light intensifies the pain.
>
> The claimant takes pain medication that help but expressed side effects in his concentration. He has received epidural steroid injections but they provided no long term relief. He also received chiropractic treatment, which also provided only short-term relief.
>
> The claimant said he lays down for a couple of hours per day to relieve the pain in his back. He believed he could stand for one hour and for 3 hours total during the

---

[1] This was the next-to-last recorded visit on September 30, 2019, at which the provider did not report Plaintiff's pain on a scale. See TR 529. However, Plaintiff reported he was doing well on September 30, 2019. *See id.*

[2] In addition, records from Plaintiff's chiropractor reflect that Plaintiff "felt better" and experienced a "decrease in his symptoms" after each treatment between July 26, 2018, and November 13, 2018. *See* Ex. 12F.

8

> course of a normal day. He can sit but needs to change position every 30 to 40 minutes. He believed he could sit for an hour before he would have to stand up. He experiences pain if he lifts more than 15 to 20 pounds. He believed he could maintain focus for approximately a half hour.
>
> The claimant is able to drive 10 to 15 miles and goes to the store twice a week. He does no yard work at him but will wash a few dishes.

TR 19. Contrary to Plaintiff's contention, the ALJ did not "simply ignore subjective evidence of [Plaintiff's] pain." Mot. at 8, DE 20. Rather, the ALJ considered Plaintiff's testimony and concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects these [pain] symptoms are not entirely consistent with the medical evidence and other evidence in the record." TR 19-20. As set forth above, the record reflects that Plaintiff's head and back pain improved during the relevant period, and the record is devoid of any reports by Plaintiff to his neurologist that he suffered mental issues due to his pain. The court finds that the ALJ fully and fairly considered the evidence in this case and did not err in finding Plaintiff limited to light work.

## III. Conclusion

As stated cogently by Magistrate Judge Meyers, it is not the job of the district court reviewing an ALJ's decision to "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Rather, the court is constrained to "sustain the ALJ's decision, even if [the court] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith*, 99 F.3d at 638 ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court.") (citations omitted).

Having reviewed Plaintiff's objections and the record de novo, the court: (1) ADOPTS the M&R [DE 24]; (2) UPHOLDS the decision of the Commissioner of the Social Security Administration; (3) DENIES Plaintiff's Motion for Judgment on the Pleadings [DE 19]; and (4) GRANTS Defendant's Motion for Judgment on the Pleadings [DE 22]. The Clerk of Court is

9

DIRECTED to enter judgment in favor of Defendant, forward a copy of this order to Plaintiff and all counsel of record, and close this case.

SO ORDERED this 1st day of March, 2023.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE